FILED
2022 Jan-26  PM 05:47
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | | |
|---|---|---|
| **JAMAL WILSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO. 4:21-CV-352-KOB-GMB** |
| | ) | |
| **JEFFERSON DUNN,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## MEMORANDUM OF LAW IN
## SUPPORT OF MOTION TO DISMISS THE COMPLAINT

# TABLE OF CONTENTS

Table of Contents ................................................................................................i

Table of Authorities ........................................................................................ ii

Introduction .....................................................................................................1

Plaintiff's Allegations .....................................................................................2

Legal Standard ................................................................................................4

Argument..........................................................................................................5

    I.     Plaintiff's Complaint Represents an Impermissible
          Attempt to Avoid Sovereign Immunity..................................................5

    II.    Plaintiff's Complaint Fails to Allege A Constitutional
          Violation by Either ADOC Official ......................................................7

    III.   The Doctrine of Qualified Immunity Bars Plaintiff's
          Section 1983 Claims Against the ADOC Officials
          in their Individual Capacities ...............................................................15

    IV.   Plaintiff's State-Law Negligence Claim is Due to be
          Dismissed .............................................................................................19

        A.     The ADOC Officials are Entitled to State and
                State-Agent Immunity from Plaintiff's State-Law
                Negligence Claim....................................................................19

        B.     Plaintiff Fails to State a Negligence Claim...............................22

Conclusion .....................................................................................................23

Certificate of Service .....................................................................................24

i

## TABLE OF AUTHORITIES

**Cases**

*Alexander v. Univ. of N. Fla.*,
   39 F.3d 290 (11th Cir. 1994)....................................................................................16

*Anderson v. Creighton*,
   483 U.S. 635 (1987).............................................................................................16

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)....................................................................................... passim

*Barnhart v. Ingalls*,
   275 So. 3d 1112 (Ala. 2018)......................................................................... 19, 20

*Belcher v. City of Foley*,
   30 F.3d 1390 (11th Cir. 1994)...............................................................................11

*Bell Atl. Corp. v. Twombly,*
   550 U.S. 544 (2007)...............................................................................................4

*Carpenter v. Tillman*,
   948 So. 2d 536 (Ala. 2006)...................................................................................21

*Cook v. Corizon, LLC*,
   No. 2:17-CV-178-SMD (M.D. Ala. May 10, 2019)................................................9

*Cottone v. Jenne*,
   326 F.3d 1352 (11th Cir. 2003)....................................................................... 11, 18

*Daniels v. Felton*,
   823 F. App'x 787 (11th Cir. Aug. 11, 2020) .......................................................12

*Dickinson v. Cochran*,
   833 F. App'x 268 (11th Cir. 2020) ......................................................................12

*Ex parte Butts*,
   775 So. 2d 173 (Ala. 2000)...................................................................................20

*Ex parte Estate of Reynolds*,

ii

946 So. 2d 450 (Ala. 2006) ............................................................................ 20, 21

*Ex parte Hugine*,

256 So. 3d 30 (Ala. 2017) ...................................................................................... 22

*Ex parte Moulton*,

116 So. 3d 1119 (Ala. 2013) ............................................................................... 5, 22

*Franklin v. Curry*,

738 F.3d 1246 (11th Cir. 2013) ................................................................................. 5

*Gaines v. Wardynski*,

871 F.3d 1203 (11th Cir. 2017) ............................................................................... 17

*Guerrero-Aguilar v. Ruano*,

118 F. App'x 832 (5th Cir. 2004) ............................................................................. 9

*Hale v. Tallapoosa Cty.*,

50 F.3d 1579 (11th Cir. 1995) ................................................................................... 9

*Harrison v. Culliver*,

746 F.3d 1288 (11th Cir. 2014) .................................................................. 11, 17, 18

*Hartley v. Parnell*,

193 F.3d 1263 (11th Cir. 1999) ............................................................................... 11

*Kentucky v. Graham,*

473 U.S. 159 (1985) .................................................................................................. 5

*Lee v. Ferraro*,

284 F.3d 1188 (11th Cir. 2002) .......................................................................... 15, 16

*Lemley v. Wilson*,

178 So.3d 834 (Ala. 2015) ...................................................................................... 22

*Marbury v. Warden*,

936 F.3d 1227 (11th Cir. 2019) ....................................................................... passim

*Mitchell v. Forsyth,*

472 U.S. 511 (1985) ................................................................................................ 15

*Owens v. Sec'y, Fla. Dep't of Corr.*,

    812 F. App'x 861 (11th Cir. 2020) ........................................................................12

*Pearson v. Callahan,*

    555 U.S. 223 (2009)..............................................................................................16

*Shook v. Dunn*,

    Civil Action No. 2:18-cv-1048-MHT (M.D. Ala. Mar. 25, 2020) .......................21

*Stallworth v. Wilkins*,

    802 F. App'x 435 (11th Cir. 2020) ........................................................................11

*Swain v. Junior*,

    961 F.3d 1276 (11th Cir. 2020)................................................................... 7, 8, 10

*Vaughan v. Sibley*,

    709 So. 2d 482 (Ala. Civ. App. 1997) ....................................................................6

*Vaughn v. Cty of Athens,*

    176 Fed. App'x 974 n. 1........................................................................................14

*Woods v. Comm'r., Ala. Dept. of Corr.*,

    951 F.3d 1288 (11th Cir. 2020).............................................................................19

iv

Pursuant to Rule 12 of the <u>Federal Rules of Civil Procedure</u>, Defendants JEFFERSON DUNN ("<u>Dunn</u>") and CHARLES DANIELS ("<u>Daniels</u>" and, collectively with Dunn, the "<u>ADOC Officials</u>") hereby submit this Memorandum of Law in Support of their Motion to Dismiss the claims asserted against them in the Complaint (doc. no. 1) filed by Plaintiff Jamal Wilson ("<u>Plaintiff</u>").

## INTRODUCTION

Plaintiff, an inmate in the custody of the Alabama Department of Corrections ("<u>ADOC</u>"), seeks to hold individual ADOC employees personally liable for injuries he allegedly suffered at the hands of another inmate.  Plaintiff names a total of eight (8) current or former ADOC employees, including the two (2) ADOC Officials.  As the basis for suing the ADOC Officials, Plaintiff alleges only that they held supervisory positions within ADOC, not that they participated in or witnessed the alleged criminal attack on him by another inmate.  Plaintiff's claims against the ADOC Officials are due to be dismissed for at least the following five (5) reasons:

> (1)  Alabama law provides Plaintiff with an adequate damages remedy before the Alabama Board of Adjustment, and he therefore cannot avoid Eleventh Amendment and State sovereign immunity by suing the ADOC Officials individually;
>
> (2)  Plaintiff fails to allege a plausible claim against any ADOC Official pursuant to 42 U.S.C. § 1983 ("<u>section 1983</u>");
>
> (3)  Qualified immunity protects the ADOC Officials from Plaintiff's section 1983 claims;

1

> (4)    Alabama State and State-agent immunity bar
>         Plaintiff's state-law negligence claim; and
>
> (5)    Plaintiff fails to plead a state-law negligence claim
>         against any ADOC Official.

For these reasons, all claims asserted against the ADOC Officials in Plaintiff's
Complaint are due to be dismissed pursuant to Rule 12 of the Federal Rules of Civil
Procedure.

## PLAINTIFF'S ALLEGATIONS

Plaintiff, an inmate in the custody of ADOC housed at St. Clair Correctional
Facility ("St. Clair"), alleges that, on March 6, 2019, another inmate stabbed Plaintiff
while Plaintiff slept in Plaintiff's cell. (Doc. No. 1, ¶¶ 24-37). Plaintiff admits he
does not know how the other inmate entered his cell. (Id., ¶¶ 30, 107-08). Instead,
Plaintiff speculates, "the only possible explanation[s] for how [the other inmate] was
able to enter the cell are" that (1) correctional officers failed to lock the cell after
conducting an inmate count, or (2) a correctional officer remotely unlocked the door
to permit the other inmate to enter. (Id., ¶ 30). Plaintiff acknowledges receiving
medical treatment in St. Clair's infirmary and at an outside hospital following the
alleged attack. (Id., ¶ 36).

Despite containing 72 pages and 253 paragraphs, Plaintiff's Complaint
contains very few specific factual allegations regarding the ADOC Officials.
Instead, he asserts individual-capacity claims against them solely because of their

2

supervisory roles within ADOC. For example, Plaintiff alleges that "[Former] Commissioner Dunn is ultimately responsible for policies at St. Clair, as he is for all the prisons in the ADOC system," and "is also ultimately responsible for ensuring that the practices at St. Clair conform to any applicable policies."[1] (Id., ¶ 9b). Plaintiff alleges that Daniels served as ADOC's Associate Commissioner for Operations and Institutional Security, and, in that role, "was responsible for the direction, supervision, and control of the prison facilities … and retained responsibility for overseeing the implementation of policies and procedures for St. Clair." (Id., ¶ 10b). According to the Complaint, in February 2019, Daniels issued "a 'controlled movement directive,' which (1) required heightened supervision of staff and prisoners and (2) limited out-of-cell time for prisoners in the P and Q blocks at St. Clair." (Id., ¶ 10f). Plaintiff alleges that Daniels "failed to ensure that the 'controlled movement directive' was implemented or enforced at St. Clair." (Id., ¶ 10g). Beyond these broad, non-descript allegations of supervisory authority, Plaintiff fails to articulate any factual basis for naming these two (2) ADOC Officials as defendants.

In the current pleading, Plaintiff asserts the following claims against the ADOC Officials:

**Count I:**     Violation of the Eighth Amendment (section 1983) (Failure to Protect) (id., ¶¶ 142-194) (asserted

---

[1] Dunn's service as ADOC's Commissioner concluded on December 31, 2021.

against the ADOC Officials and three (3) other individual defendants);

**Count III:** Violation of the Eighth and Fourteenth Amendments (State-Created Danger) (section 1983) (id., ¶¶ 204-210) (asserted against the ADOC Officials and three (3) other individual defendants); and

**Count IV:** State Law Negligence (id., ¶¶ 211-223) (asserted against the ADOC Officials).

For the reasons set forth below, Plaintiff's claims against the ADOC Officials are due to be dismissed.

## LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557).

When a plaintiff relies upon vague, conclusory allegations, such as the Complaint here, a court must "first separat[e] out the complaint's conclusory legal

4

allegations and then determin[e] whether the remaining well-pleaded factual allegations, accepted as true, 'plausibly give rise to an entitlement to relief.'" Franklin v. Curry, 738 F.3d 1246, 1251 (11th Cir. 2013) (quoting Iqbal, 556 U.S. at 679). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678. Stripped of its labels, conclusions, and formulaic recitation of elements of the causes of action Plaintiff purports to assert, Plaintiff's Complaint lacks well-pleaded factual allegations. Id. The ADOC Officials therefore respectfully request that the Court dismiss the claims asserted against them in the Complaint.

**ARGUMENT**

I.  **PLAINTIFF'S COMPLAINT REPRESENTS AN IMPERMISSIBLE ATTEMPT TO AVOID SOVEREIGN IMMUNITY.**

Eleventh Amendment immunity bars damages claims against ADOC directly or against its officials in their official capacities. Kentucky v. Graham, 473 U.S. 159, 169 (1985). Alabama law also bars state-law damages claims directly against State agencies such as ADOC and against State officials in their official capacities. Ex parte Moulton, 116 So. 3d 1119, 1140 (Ala. 2013). In apparent recognition of this black-letter law, Plaintiff purports to assert only individual-capacity claims against individual defendants. (Doc. No. 1, ¶¶ 9a, 10a). Plaintiff's pleading represents an attempted end-run around Eleventh Amendment and State sovereign immunity. Because Plaintiff cannot recover damages against ADOC or its officials

in their official capacities, he attempts to recover damages from the ADOC Officials individually.  However, Alabama law already contains a mechanism to deal with damages claims that sovereign immunity would otherwise bar.  Thus, sovereign immunity does not mean that Alabama or its officials avoid liability for valid, legal obligations.  Ala. Code § 41-9-62 (1975).

In light of the protection afforded by this immunity, the Alabama Board of Adjustment possesses "'jurisdiction over claims against the state that are not justiciable in the courts . . . .'"  Vaughan v. Sibley, 709 So. 2d 482, 486 (Ala. Civ. App. 1997) (quoting Lee v. Cunningham, 176 So. 477, 479 (Ala. 1937)).  The Board of Adjustment specifically holds jurisdiction over "[a]ll claims for damages to the person or property growing out of any injury done to either the person or property by the State of Alabama or any of its agencies, commissions, boards, institutions or departments" and "[a]ll claims for personal injuries to or the death of any convict." Ala. Code. § 41-9-62(a)(1), (2).  Thus, to the extent Plaintiff seeks damages for injuries sustained at the hands of another inmate while in ADOC's custody, the Alabama Board of Adjustment exists to adjudicate those very claims.  It is therefore unnecessary to permit Plaintiff to pursue a federal-court action against individual officials whom he alleges acted within the scope of their employment. (Doc. No. 1, ¶¶ 9a, 10a).  Therefore, the Alabama Board of Adjustment provides an adequate mechanism for Plaintiff to pursue any relief for his alleged injuries, and his

6

attempted end-run around Eleventh Amendment and State sovereign immunity is
due to be denied.

## II. PLAINTIFF'S COMPLAINT FAILS TO ALLEGE A CONSTITUTIONAL VIOLATION BY EITHER ADOC OFFICIAL.

"A prison official violates the Eighth Amendment's prohibition against cruel
and unusual punishment if [the official] is deliberately indifferent to a substantial
risk of serious harm to an inmate who suffers injury." Marbury v. Warden, 936 F.3d
1227, 1233 (11th Cir. 2019). "To establish a deliberate-indifference claim, a
plaintiff must make both an objective and a subjective showing." Swain v. Junior,
961 F.3d 1276, 1285 (11th Cir. 2020) (citing Farmer v. Brennan, 511 U.S. 825, 834
(1944)). The first element, whether a substantial risk of harm existed, involves an
objective assessment and requires the plaintiff to allege "conditions that were
extreme and posed an unreasonable risk of serious injury to his future health or
safety." Marbury, 936 F.3d at 1233 (quoting Lane v. Philbin, 835 F.3d 1302, 1307
(11th Cir. 2019) (internal citations omitted)). The second component, the subjective
showing, requires a plaintiff to establish a defendant's deliberate indifference to the
risk of serious harm by "making three sub-showings: '(1) subjective knowledge of a
risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere
negligence.'" Swain, 961 F.3d at 1285 (quoting Lane, 835 F.3d at 1308). Based on
this well-established law, deliberate indifference sets a high bar for the Plaintiff.

In establishing the subjective showing, "[a] plaintiff must prove that the

7

defendant acted with a 'sufficiently culpable state of mind.'" Id. (quoting Farmer, 511 U.S. at 834). This culpable state of mind exceeds malpractice or ordinary negligence and "is in fact akin to 'subjective recklessness as used in the criminal law.'" Swain, 961 F.3d at 1288 (quoting Farmer, 511 U.S. at 839-40). "Finally, the plaintiff must show a 'necessary causal link' between the officer's failure to act reasonably and the plaintiff's injury." Marbury, 936 F.3d at 1233 (quoting Rodriguez v. Sec'y for Dep't of Corrs., 508 F.3d 611, 622-23 (11th Cir. 2007)). Thus, allegations of negligent behavior cannot support a deliberate indifference claim.

Plaintiff seeks to hold the ADOC Officials individually liable for the alleged criminal activities of another inmate at a prison facility where they did not work on a daily basis. In essence, Plaintiff argues that the ADOC Officials—neither of whom he alleges witnessed or participated in the alleged attack—should have personally prevented the harm he allegedly suffered at the hands of this other inmate. Plaintiff seeks monetary damages from the ADOC Officials in their individual, or personal, capacities. (Doc. No. 1, ¶¶ 9a, 10a). To plausibly allege such a claim, Plaintiff must allege personal involvement by each ADOC Official in a violation of his rights. "Personal involvement by an individual-capacity defendant is an indispensable element of a valid legal claim," and "only exists when the individually named defendant performed the acts or omissions at issue himself or directed a subordinate

to do so." Cook v. Corizon, LLC, No. 2:17-CV-178-SMD, 2019 WL 2076392, \*3 (M.D. Ala. May 10, 2019); see also Hale v. Tallapoosa Cnty., 50 F.3d 1579, 1582 (11th Cir. 1995); Clark v. City of Atlanta, Ga., 544 F. App'x 848, 857 (11th Cir. 2013).  Thus, to state a claim against the ADOC Officials personally, Plaintiff must plead that "each [ADOC Official], *through the official's own individual actions . . .* violated the constitution."  Cook, 2019 WL 2076392, \*3; (emphasis added); see also Iqbal, 556 U.S. at 676-77.  Plaintiff's individual-capacity claims against all of the ADOC Officials fail to satisfy this mandatory component of his claim.

In fact, Plaintiff's Complaint contains no allegations at all about each ADOC Official's "own individual actions."   Instead, Plaintiff alleges only general descriptions of each ADOC Official's job responsibilities.  (Doc. No. 1, ¶¶ 9, 10). Plaintiff alleges generally that the ADOC Officials knew that inmate-on-inmate violence occurred at St. Clair.  (Id., ¶¶ 72-104).  Even if true, "[m]ere knowledge of a substantial risk of harm, however, is insufficient to show deliberate indifference." Hale, 50 F.3d at 1583.  Instead, a plaintiff must also allege that the official "knowingly or recklessly 'disregard[ed] that risk by failing to take reasonable measures to abate it.'"  Id.  (quoting Farmer, 511 U.S. at 847); Cox v. Nobles, 15 F.4th 1350, 1360 (11th Cir. 2021) (affirming dismissal of failure-to-protect claims and observing that, "[h]aving satisfied the subjective component of deliberate indifference, [plaintiff] was also required to allege facts suggesting that [defendant]

9

acted in an objectively unreasonable manner").  Plaintiff fails to include any allegations suggesting what either ADOC Official could or should have done to prevent the alleged harm to Plaintiff, and Plaintiff's section 1983 claims therefore fail.

As the Eleventh Circuit recently held, "[a] resulting harm . . . cannot alone establish a culpable state of mind."  <u>Swain</u>, 961 F.3d at 1287 (quoting <u>Farmer</u>, 511 U.S. at 844).  In fact, Plaintiff alleges that the ADOC Officials attempted to address inmate-on-inmate violence through the alleged "controlled movement directive." (<u>Id.</u>, ¶¶ 9f, 10f, 98).  In other words, even according to Plaintiff's own allegations, the ADOC Officials did not act with deliberate indifference, but sought to address issues at St. Clair.  <u>Swain</u>, 961 F.3d at 1286 (no deliberate indifference claim where officials "responded reasonably" to the risk of harm, "'even if the harm ultimately was not averted'") (quoting <u>Farmer</u>, 511 U.S. at 844).  Thus, even if the efforts by the ADOC Officials to address violence at St. Clair did not prevent the alleged harm to Plaintiff, Plaintiff cannot assert a deliberate indifference claim.

Plaintiff's sparse allegations against the ADOC Officials make clear that Plaintiff seeks to hold the ADOC Officials liable solely in their capacity as supervisors.  However, "'[i]t is well established in this Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability.'"  <u>Harrison v. Culliver</u>, 746

10

F.3d 1288, 1299 (11th Cir. 2014) (quoting Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003)); Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999); Belcher v. City of Foley, 30 F.3d 1390, 1396 (11th Cir. 1994).  "[A] plaintiff seeking to hold a supervisor liable for constitutional violations must show that the supervisor either participated directly in the unconstitutional conduct or that a causal connection exists between the supervisor's actions and the alleged constitutional violation."  Harrison, 746 F.3d at 1299 (citing Cottone, 326 F.3d at 1360).  "[T]he standard by which a supervisor is held liable in [his] individual capacity for the actions of a subordinate is extremely rigorous."  Cottone, 326 F.3d at 1360; abrogation in part on other grounds recognized by Stallworth v. Wilkins, 802 F. App'x 435 (11th Cir. 2020); see also Iqbal, 556 U.S. at 677 ("In a § 1983 suit . . . – where masters do not answer for the torts of their servants – the term 'supervisory liability' is a misnomer.  Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct.").  The Complaint fails to allege facts that plausibly meet this rigorous standard.

The Eleventh Circuit recently held, in a case involving St. Clair, that a plaintiff must show "'more than a generalized awareness of risk' to make out a deliberate-indifference claim."  Marbury, 936 F.3d at 1234; see also Harrison, 746 F.3d at 1299-1300.  Instead, "[t]o establish deliberate indifference based on a generalized risk, the plaintiff must show 'that serious inmate-on-inmate violence was the norm or

11

something close to it.'" Marbury, 936 F.3d at 1214 (quoting Purcell ex rel. Estate of Morgan v. Toombs Cnty., 400 F.3d 1313, 1320 (11th Cir. 2005)); Daniels v. Felton, 823 F. App'x 787, 790 (11th Cir. 2020) (affirming summary judgment for prison officials where plaintiff inmate failed to "identify any risk of harm known to the defendants beyond the generalized danger of housing rival gang members in the same prison"); Owens v. Sec'y, Fla. Dep't of Corr., 812 F. App'x 861 (11th Cir. 2020) (district court properly granted summary judgment where defendant officer "might have been aware that a general risk of inmate violence existed in Florida prisons"). Plaintiff cannot meet this standard.

Plaintiff attempts to plead around Marbury by making general and conclusory allegations of "a pattern and practice of misconduct at St. Clair, which occurred with the consent of [the ADOC Officials], who personally knew about, facilitated, approved, or condoned this pattern and practice of misconduct, or at least recklessly caused the alleged deprivation of [Plaintiff's] rights by his actions or by his deliberate indifference and failure to act." (Doc. No. 1, ¶¶ 9g, 10h). Clearly, Plaintiff is attempting to squeeze the Complaint into the exception to Marbury applied in Dickinson v. Cochran, 833 F. App'x 268, 275 (11th Cir. 2020). In Dickinson, the Court held that Marbury's "violence-is-the-norm standard applies where a plaintiff alleges only a generalized risk and points to no 'specific features of a facility or its population rendering it particularly violent.'" Id. (quoting

12

Marbury, 936 F.3d at 1235).  The Dickinson Court held that the Marbury standard did not apply to the allegations before it because the plaintiff "alleged overcrowding, failure to identify and segregate violent inmates, failure to properly search inmates, failure to limit contraband, and failure to adequately supervise inmates."  833 F. App'x at 275.  Plaintiff's conclusory allegations here, parroting some of the words from Dickinson but failing to provide any facts supporting the allegations, fail to exempt this action from the standard set forth in Marbury.  Plaintiff fails to allege what the ADOC Officials, in their individual capacities, could or should have done as statewide officials to prevent the harm to Plaintiff.  Even further, as the Eleventh Circuit held in Marbury, Plaintiff cannot allege that serious inmate-on-inmate violence is "the norm" at St. Clair.  Marbury, 936 F. 3d at 1234.

Plaintiff's citations to other litigation and the United States Department of Justice's ("DOJ's") "Notice Letters" to ADOC (Doc. No. 1, ¶¶ 76-92) cannot save his claims.  Plaintiff points to a lawsuit filed by the Equal Justice Initiative (the "EJI") in 2014 and individual inmate lawsuits regarding conditions at St. Clair.  (Id., ¶¶ 95-96).  While the Complaint states that the EJI and individual inmate actions sought relief regarding conditions at St. Clair, mere allegations in other lawsuits, absent court findings, cannot establish the ADOC Officials' knowledge of a substantial risk of serious harm from inmate-on-inmate violence sufficient to support individual-capacity section 1983 failure-to-protect claims against them.  See, e.g.,

13

Grayson v. Warden, Comm'r Ala. Dep't of Corrs., 869 F.3d 1204, 1225 (11th Cir. 2017) (a court may not take judicial notice of filings in other courts for the purpose of establishing a fact).  Finally, Plaintiff alleges that the DOJ issued "Notice Letters" regarding conditions in ADOC's male facilities in April 2019 and July 2020—*after the alleged attack on Plaintiff*.  (Doc. No. 1, ¶¶ 76-92, 100-103).  Thus, the DOJ's April 2019 and July 2020 "Notice Letters" could not have "notified" the ADOC officials of any risk of harm to Plaintiff on March 6, 2019.[2]

Plaintiff also purports to assert a claim for "state-created danger" (id., ¶¶ 204-210).  The Eleventh Circuit does not recognize such a claim.  Vaughn v. City of Athens, 176 F. App'x 974, 976 n. 1 (11th Cir. 2006) ("But this Court has written that the 'special relationship' and 'state created danger' doctrines are no longer valid.") (internal citations omitted).  Even if such a claim exists, Plaintiff fails to allege how any ADOC Official individually bears responsibility for another inmate's stabbing of Plaintiff.  Thus, this claim is due to be dismissed.  Plaintiff's Complaint fails to plead facts giving rise to a plausible individual-capacity claim against the ADOC Officials pursuant to section 1983, and Plaintiff's section 1983 claims are due to be dismissed.

## III. THE DOCTRINE OF QUALIFIED IMMUNITY BARS PLAINTIFF'S SECTION 1983 CLAIMS AGAINST THE ADOC OFFICIALS.

---

[2] DOJ's April 2019 and July 2020 "Notice Letters" explicitly state they do *not* constitute evidence. (See Apr. 2019 Ltr. at 1; https://www.justice.gov/crt/case-document/file/1149971/download; July 2020 Ltr. at 1; https://www.justice.gov/crt/case-document/file/1297031/download).

Even if Plaintiff could plausibly allege an underlying constitutional violation on the part of either ADOC Official, Plaintiff fails to allege the type of conduct necessary to overcome qualified immunity and impose personal liability on these public servants. "Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). Thus, while qualified immunity constitutes an affirmative defense, a defendant may raise it on a motion to dismiss where the facts establishing the defense are evident on the face of the complaint. Iqbal, 556 U.S. at 672 (holding that qualified immunity represents "a limited 'entitlement not to stand trial or face the other burdens of litigation,'" and it is therefore appropriate for courts to decide the issue at an early stage, including at on a motion to dismiss) (quoting Mitchell, 472 U.S. at 526). The Complaint articulates the facts confirming the ADOC Officials' entitlement to qualified immunity, and the Court should therefore dismiss the claims against the ADOC Officials.

"Qualified immunity offers complete protection for government officials sued in their individual capacities so long as their conduct violates no clearly established statutory or constitutional rights which a reasonable person would have known." Lee v. Ferraro, 284 F.3d 1188, 1193-94 (11th Cir. 2002) (internal quotations and citations omitted). Qualified immunity allows government officials to carry out their

discretionary duties without the fear of personal liability or harassing litigation. See Anderson v. Creighton, 483 U.S. 635, 638 (1987); Lee, 284 F.3d at 1194 (internal citations omitted). "[Q]ualified immunity for government officials is the rule, [and] liability and trials for liability the exception." Alexander v. Univ. of N. Fla., 39 F.3d 290, 291 (11th Cir. 1994). Here, this rule unquestionably applies.

A public official must "first prove that he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred." Lee, 284 F.3d at 1194 (citing Courson v. McMillian, 939 F.2d 1479, 1487 (11th Cir. 1991) (internal citations omitted)). Once the official establishes that he was acting within his discretionary authority, the burden shifts to the plaintiff to show that qualified immunity is not appropriate. Id. Courts apply a two-part test in evaluating whether a plaintiff carries this burden. First, as a "threshold question," "taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" Id. Then, if a constitutional right would have been violated under the plaintiff's version of the facts, the court must determine "whether the right was clearly established." Lee, 284 F.3d at 1194.[3]

Plaintiff does not dispute that the ADOC Officials acted within the scope of their discretionary authority. (Doc. No. 1, ¶¶ 9a, 10a (alleging that the ADOC

---

[3] In Pearson v. Callahan, the Supreme Court clarified that the order in which a court addresses each part of the qualified immunity analysis is not mandatory, but rather left to the sound discretion of the lower courts. 555 U.S. 223, 236-43 (2009).

16

Officials "acted under color of law and within the scope of his employment")).

Because the ADOC Officials indisputably acted within their discretionary authority,

Plaintiff must plausibly allege that the ADOC Officials violated a clearly established

constitutional right.  As set forth above, Plaintiff cannot state a plausible section

1983 claim against any ADOC Official.  Accordingly, "'there is no necessity for

further inquiries concerning qualified immunity.'"  Harrison, 746 F.3d at 1299, n.

15  (quoting Saucier v. Katz, 533 U.S. 194, 201 (2001)).

Even if Plaintiff properly alleged a constitutional violation (he did not and

cannot), he cannot establish a violation of *clearly established* law.  In considering

whether alleged conduct violated clearly established law, courts "look for 'fair

warning' to [public officials] that the conduct at issue violated a constitutional right."

Gaines v. Wardynski, 871 F.3d 1203, 1208 (11th Cir. 2017) (quoting Jones v.

Fransen, 857 F.3d 843, 851 (11th Cir. 2017)).  Generally, a plaintiff seeking to

demonstrate a violation of clearly established law must "point to prior case law (from

the Supreme Court of the United States, the Eleventh Circuit, or the highest court in

the relevant state) that is 'materially similar.'"  Id.  (quoting Jones, 857 F.3d at 851-

52).   The Supreme Court "ha[s] repeatedly told courts not to define clearly

established law at too high a level or generality."  City of Tahlequah, Okla. v. Bond,

142 S. Ct. 9, 10 (2021) (per curiam).  Therefore, a determination as to whether the

law was clearly established "'must be undertaken in the light of the specific context

17

of the case, not as a broad general proposition.'" <u>Riva-Villegas v. Cortesluna</u>, 142

S. Ct. 4, 8 (2021) (per curiam) (quoting <u>Brosseau v. Haugen</u>, 543 U.S. 194, 198

(2004)).  This standard is fatal to Plaintiff's section 1983 claims against the ADOC

Officials.

Plaintiff can point to no prior case law suggesting that the ADOC Officials

should have been on notice that their individual conduct violated Plaintiff's

constitutional rights.   To the contrary, the case law plainly establishes that

supervisory liability is not appropriate in these circumstances.  <u>See</u> <u>Marbury</u>, 936

F.3d at 1233-38 (no liability where warden and correctional officer allegedly ignored

plaintiff's requests for transfer before attack by fellow inmate and knew of a general

risk of violence within the prison); <u>Harrison</u>, 746 F.3d at 1301-02 (no supervisory

liability where complaint alleged that warden knew of incidents of inmate-on-inmate

violence, but evidence did "not indicate that inmates were 'exposed to something

even approaching the constant threat of violence'") (quoting <u>Purcell</u>, 400 F.3d at

1320); <u>Cottone</u>, 326 F.3d at 1362 (reversing district court's denial of motion to

dismiss supervisory liability claims where supervisors did not participate in conduct

leading to detainee's death);  <u>see</u> <u>also</u> <u>Wade v. U.S.</u>, 13 F.4th 1217, 1231 (11th Cir.

2021) (emphasizing the importance of "*who* is being sued and under what theory of

law," and concluding, "there are no facts in the record suggesting this particular

defendant is liable.") (Tjoflat, J., concurring).  Thus, even if Plaintiff could plausibly

18

allege that the ADOC Officials violated Plaintiff's constitutional rights (he cannot),

he cannot allege a violation of clearly established law.  As Plaintiff alleges no factual

basis for the liability of any ADOC Official, the ADOC Officials remain entitled to

qualified immunity from Plaintiff's individual-capacity claims.

## IV. PLAINTIFF'S STATE-LAW NEGLIGENCE CLAIM IS DUE TO BE DISMISSED.[4]

### A. THE ADOC OFFICIALS ARE ENTITLED TO STATE AND STATE-AGENT IMMUNITY FROM PLAINTIFF'S STATE-LAW NEGLIGENCE CLAIM.

Plaintiff has not (and cannot) state a state-law negligence claim against the

ADOC Officials.  (See infra IV.B.).  However, even if Plaintiff could state such a

claim, the ADOC Officials would be entitled to state and state-agent immunity under

Alabama law.  Plaintiff attempts to plead around this State immunity by asserting

his claims against the ADOC Officials in their individual capacities.  (Doc. No. 1,

¶¶ 9a, 10a).  "A necessary element of" Plaintiff's negligence claim is "whether, in

their individual capacities, the [ADOC Officials] owed a duty to" Plaintiff.  Barnhart

v. Ingalls, 275 So. 3d 1112, 1126 (Ala. 2018).  Any duties the ADOC Officials owed

Plaintiff arose "solely because of their official positions in which they acted for the

---

[4] Aside from the substantive arguments requiring dismissal of Plaintiff's state-law claim, the Court may simply decline to exercise supplemental jurisdiction over these claims under 28 U.S.C. §1367(c)(3) after dismissing the federal claims. Woods v. Comm'r., Ala. Dept. of Corr., 951 F.3d 1288, 1295 (11th Cir. 2020) (citing Raney v. Allstate Ins. Co., 370 F.3d 1086, 1088-89 (11th Cir. 2004)) (following dismissal of all federal claims, the Eleventh Circuit encourages dismissal of remaining state-law claims).

State." Id.   Accordingly, even though Plaintiff labeled his claims "individual-capacity" claims, they "are, in effect, claims against the State that are barred by § 14." Id.   State immunity therefore bars Plaintiff's state-law negligence claim.

Even if State immunity did not apply, an Alabama state official receives immunity from all personal civil liability when the claim against the official arises from the official "formulating plans, policies, or designs" and/or "exercising his or her judgment in the administration of a department or agency of government, including, but not limited to … making administrative adjudications…, allocating resources," or "hiring, firing, transferring, assigning, or supervising personnel…" Ex parte Butts, 775 So. 2d 173, 177-78 (Ala. 2000); Giambrone v. Douglas, 874 So. 2d 1046, 1057 (Ala. 2003) ("The immunity afforded State agents who exercise their judgment . . . is not abrogated for negligent and wanton behavior."). This well-recognized State-agent immunity applies here.

The Alabama Supreme Court established a burden shifting process when a defendant raises the State-agent immunity defense. Ex parte Estate of Reynolds, 946 So. 2d 450, 452 (Ala. 2006).   Under this framework, the "state-agent bears the burden of demonstrating that the plaintiff's claims arise from a function that would entitle the State agent to immunity." Id. (citations omitted).   Once the official makes such a showing, "the burden then shifts to the plaintiff to show that the State agent acted willfully, maliciously, fraudulently, in bad faith or beyond his or her

20

authority." Id.  Plaintiff cannot overcome State-agent immunity here.

Here, Plaintiff's allegations establish that the ADOC Officials are entitled to State-agent immunity under Alabama law.  Plaintiff expressly alleges that each of the ADOC Officials acted within the scope of their employment, i.e., within their capacity as ADOC employees.  (Doc. No. 1, ¶¶ 9a, 10a).  Further, the Alabama Supreme Court recognized that ADOC employees function as State officials and receive State-agent immunity when fulfilling the duties of their employment. Carpenter v. Tillman, 948 So. 2d 536, 538 (Ala. 2006).  Thus, the burden now shifts to Plaintiff to plausibly allege that the ADOC Officials acted "willfully, maliciously, fraudulently, in bad faith, or beyond his or her authority."  Reynolds, 946 So. 2d at 452.  Plaintiff cannot meet this standard.

Plaintiff relies exclusively on conclusory allegations parroting the words of the exception for State-agent immunity.  (See Doc. No. 1, ¶ 222).  Again, Plaintiff must do more than cut and paste from caselaw.  Ex parte Gilland, 274 So. 3d 976, 985 n.3 (Ala. 2018) ("Although we are required to accept [plaintiff's] factual allegations as true at this stage of the proceedings, we are not required to accept her conclusory allegations that [defendant] acted willfully, maliciously, fraudulently, or in bad faith;" instead, plaintiff must "plead facts that would support those conclusory allegations"); Shook v. Dunn, Civil Action No. 2:18-cv-1048-MHT, 2020 WL 1492841, at *7 (M.D. Ala. Mar. 25, 2020) (citations omitted).  Accordingly, State

21

and State-agent immunity protect the ADOC Officials against Plaintiff's state-law negligence claim, and this claim is due to be dismissed.[5]

## B.   PLAINTIFF FAILS TO STATE A NEGLIGENCE CLAIM.

Even if State and State-agent immunity did not apply, Plaintiff nonetheless fails to state a claim under Alabama law.  A plaintiff alleging negligence under Alabama law must plead "(1) a duty to a foreseeable plaintiff; (2) a breach of that duty; (3) proximate causation; and (4) damage or injury."  Lemley v. Wilson, 178 So.3d 834, 841 (Ala. 2015) (quoting Martin v. Arnold, 643 So.2d 564, 567 (Ala. 1994) (internal citations omitted)).  Plaintiff provides no facts plausibly alleging that any of the ADOC Officials possessed an individual duty of care to Plaintiff, or, if any ADOC Official did possess such a duty, how he breached that duty.  Instead, he generally alleges that "Defendants owed [Plaintiff] a duty of reasonable care to protect him from foreseeable harm while in ADOC custody," and "acted willfully, maliciously, fraudulently, in bad faith, beyond their authority, or under a mistaken interpretation of the law."  (Doc. No. 1, ¶¶ 190, 191).  Moreover, Plaintiff specifically alleges that a criminal attack by another inmate caused his injuries.  (Id.,

---

[5] Where the ADOC Officials simply performed their jobs, even if they made a mistake, "it is the protection of officials engaged in such discretionary activities that is the purpose of State-agent immunity." Ex parte Hugine, 256 So. 3d 30 (Ala. 2017); see also Ex parte Moulton, 116 So. 3d at 1141  (when claims against state officials are based on actions within the line and scope of the state officials' duties, the action is, in effect, an action against the State, and therefore barred by State immunity).  Because the ADOC Officials, as alleged by the Plaintiff, operated at all times under their administrative duties, they are entitled to the protections of State-agent immunity as to the State-law negligence claim.

¶ 37).  Thus, Plaintiff fails to plead that any facts that remotely justify that any ADOC Official proximately caused his alleged injuries.  The negligence claim would therefore fail as a matter of law even if State and State-agent immunity did not bar it.

## CONCLUSION

For the foregoing reasons, the ADOC Officials respectfully request that this Court dismiss all claims asserted against them.

Dated: January 26, 2022.

*/s/ Matthew B. Reeves*
Matthew B. Reeves
*One of the Attorneys for the ADOC Officials*

William R. Lunsford
Matthew B. Reeves
Stephen C. Rogers
**MAYNARD, COOPER & GALE, PC**
655 Gallatin Street
Huntsville, AL 35801
Telephone: (256) 551-0171
Facsimile: (256) 512-0119
blunsford@maynardcooper.com
mreeves@maynardcooper.com
srogers@maynardcooper.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon all parties in this matter, including without limitation the following, by the Court's CM/ECF system or by U.S. Mail on this the 26th day of January, 2022:

Anil A. Mujumdar
**DAGNEY JOHNSON LAW GROUP**
2170 Highland Avenue South
Suite 250
Birmingham, AL 35205
Telephone: (205) 635-4462
Facsimile: (205) 809-7899
anil@dagneylaw.com

David G. Cabrales
Davis G. Mosmeyer III
Amanda L. Soler
**FOLEY & LARDNER LLP**
2021 McKinney Avenue
Suite 1600
Dallas, TX 75201-3340
Telephone: (214) 999-3000
dcabrales@foley.com
dmosmeyer@foley.com
asoler@foley.com

*Attorneys for Plaintiffs*

Robert F. Northcutt
James N. Walter, Jr.
**CAPELL & HOWARD, P.C.**
150 S. Perry Street
P.O. Box 2069
Montgomery, AL 36102
Telephone: (334) 241-8000
bob.northcutt@chlaw.com
jimmy.walter@chlaw.com

*Attorneys for Karla Jones,*
*Gwendolyn Givens, Anthony Brooks,*
*Brandon Barlow, Officer Jones, and*
*Officer Valdez*

*/s/ Matthew B. Reeves*
*Of Counsel*